**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**KIMBERLY EDWARDS** **PLAINTIFF**

**V.** **CIVIL ACTION NO. 3:18CV135-LG-LRA**

**DR. DAVID SEAGO** **DEFENDANT**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This cause is before the Court on the Motion to Proceed *In Forma Pauperis* filed by Kimberly Edwards [hereinafter "Plaintiff"], an adult resident of Pickens, Holmes County, Mississippi. Plaintiff filed a Complaint against Dr. David Seago, a resident of Madison County, Mississippi. She utilized a form Complaint for *pro se* litigants in civil cases ["Pro Se 1 (Rev. 12/16) Complaint for a Civil Case"]. She does not state either party's citizenship, other than to give their addresses in Mississippi.

Examining only Plaintiff's income and expenses, the undersigned finds that she is entitled to proceed without the prepayment of fees. She is unemployed and has no income or property, and her motion should be granted. Where the plaintiff's financial information shows that a filing fee would cause "undue financial hardship," the district court has discretion to reduce or waive the fee. *Prows v. Kastner,* 842 F.2d 138, 140 (5th Cir. 1988).

Granting Plaintiff *in forma pauperis* status to proceed with this lawsuit in federal court also permits the Court to dismiss the case at any time if it determines that the Complaint fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B). This statute applies equally to prisoner and non-prisoner cases. *Newsom v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002). The case may also be dismissed at any stage if there is no basis for federal subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3).

In her Complaint, III., Statement of Claim, Plaintiff 's **verbatim** charge is as follows:

> On 7/11/2008 I had a oral reconstruction surgery, to align the jaw bones, after the surgery I woke up and sat up in the bed and blood

> went to draining down my nose for a couple hours. My family had to hold this lil suction vaccum to my nose to try to control the bleeding.

[1, p. 3].

She continued under the section which states "[t]he acts or omissions caused or contributed to the cause of the plaintiff's injuries by (*explain*)," stating:

> After the surgery and us telling Dr. Seago about the bleeding. He assured me that everything was okay as the years went by I lost my sense. 2016 I can't hardly breathe out one nostril, and has had some blood clots fall from mouth which I cough upped after I was struck in the left maxfollio area. My sinus are horrible, pressure is always around my ears, neck, head, and cheeks. I also have since then start snoring.

[1, p. 3].

Under Section IV., "Relief," Plaintiff alleged:

> 32 million dollars worth of damages. I have loss most of my sense of smelling, developed a sleeping problem, sinitus, snoring, and bloodclots.

[1, p. 3].

On page 4 of her Complaint, Plaintiff marked that her basis for jurisdiction in this Court was a federal question under 28 U.S.C. § 1331. When required to state the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in her case, Plaintiff left this blank.

Federal Courts are courts of limited jurisdiction and courts "must presume that a suit lies outside of this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.2001); U.S. Const., art. III, § 2. Subject matter jurisdiction must be affirmatively shown before the District Court considers the merits of any case. *See Ruhrgas A.G. v. Marathon Oil Co.*, 526 U.S. 574, 582 -83 (1999). The Court must inquire into its subject-matter jurisdiction on its own initiative. *Id.* It may *sua sponte* raise the jurisdictional issue at any time and in fact has a "continuing obligation to examine the basis for jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir.1990)(see also *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir.1999)). The record in this case fails to affirmatively indicate a basis for subject matter jurisdiction.

Although Plaintiff attempts to invoke federal question jurisdiction, she does not describe any federal statute, treaties, or constitutional provisions that are at issue. Therefore, she has stated no basis for jurisdiction under 28 U.S.C. § 1331. She gave both her address and Defendant's address as being in Mississippi, so the Court must assume that all parties are citizens of Mississippi. Based upon the record, complete diversity of citizenship is also lacking. 28 U.S.C. § 1332(a)(1). Her claims are generally state law medical malpractice claims based upon her contentions that the surgery by Dr. Seago in 2008 was negligently performed. The Court cannot conclude that federal question jurisdiction exists, although Plaintiff should be allowed to amend her Complaint to state a basis for this Court's jurisdiction.

The Plaintiff is prosecuting this case pro se, and her pleadings must be liberally construed. *Pena v. United States of America*, 122 F.3d 3, 4 (5th Cir. 1997). Although the undersigned has liberally construed her allegations, no basis for subject matter jurisdiction can be discerned from the allegations of the Complaint. The Court is unable to exercise jurisdiction to consider the merits of the case. *See Ruhrgas*, 526 U.S. at 583. Accordingly, Plaintiff's motion to proceed without paying costs should be granted but her Complaint should then be dismissed without prejudice.

Conclusion

For these reasons, the undersigned recommends that this Complaint be accepted as filed without the prepayment of a filing fee, but dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject-matter jurisdiction. **Or, if Plaintiff amends her Complaint and provides a basis for subject matter jurisdiction within the time to object to this Report and Recommendation, she should be allowed to proceed *in forma pauperis.***

In accordance with the rules and 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to the recommendations within 14 days after service of this report and recommendation. Plaintiff is hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation after being served with a copy shall bar her, except upon grounds of plain error, from attacking on appeal the

unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 7th day of March 2018.

s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE